IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN SHANE FOSTER, ) | |
| Reg. No 12258-002, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No. 3:19-CV-215-WHA |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Benjamin Shane Foster, a federal inmate incarcerated at Victorville Medium II Federal Correctional Institution in Adelanto, California, filed a pleading this court construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Docs. 1 & 2. In his petition, Foster appears to request that the Federal Bureau of Prisons ("BOP") recalculate his federal sentence so that he is granted credit for time served on his state sentence.[1] Implicit in Foster's request is a claim that the BOP has erred in failing to grant him this credit, thereby delaying his release date.

---

[1] Foster is incarcerated on concurrent 120-month sentences imposed by this court in August 2008 for his convictions for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* No. 3:07-CR-150-MHT & No. 2:08-CR-48-MHT. He originally filed the instant petition in Criminal Case No. 3:07-CR-150-MHT styled as a "Request for Permission to Proceed Under 28 U.S.C. § 2255(e) (Saving Clause)." Based on the relief requested by Foster, the document was stricken from Criminal Case No. 3:07-CR-150-MHT and docketed in a new civil action under 28 U.S.C. § 2241. This court's understanding of the relief sought by Foster in his § 2241 petition is based in part on other pleadings (*see, e.g.*, Doc. 87) filed by Foster in Criminal Case No. 3:07-CR-150-MHT.

## II.  DISCUSSION

A federal prisoner challenging the execution of his sentence must do so through a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008).  A district court has jurisdiction under § 2241 over a claim concerning the BOP's failure to consider whether a prisoner is entitled to time credit because this is a challenge to the manner in which the sentence is being executed. *See, e.g., United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2005).  Where the BOP's calculation of an inmate's sentence impacts the duration of that sentence, the decision may properly be challenged in a § 2241 petition for habeas corpus relief. *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990).

As a general rule, a § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.*  We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to

> produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement—"core challenges"—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citations omitted).

Foster is incarcerated at the Victorville Medium II Federal Correctional Institution, which is located in the jurisdiction of the United States District Court for the Central District of California. *See* 28 U.S.C. § 84(c)(1). Because habeas petitions under § 2241 must be brought in the district of incarceration, this court lacks personal jurisdiction over Foster's petition. *See* 28 U.S.C. § 2241(a).

Under 28 U.S.C. § 1631, if a federal court finds it lacks jurisdiction over a civil action, it may transfer the action to any other such court in which the action could have been brought "if it is in the interest of justice." The undersigned finds it in the interest of justice that this case be transferred to the United States District Court for the Central District of California for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the the Central District of California.

It is further ORDERED that on or before **May 22, 2019**, Petitioner may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. Petitioner is advised that this Recommendation is not

a final order of the court; therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar Petitioner from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; s*ee Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

     DONE this 8th day of May, 2019.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE